I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner ~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6-27-12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 27 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ISMAEL MOJARRA LONGORIA,

    Petitioner,

vs.

M.D. McDONALD, Warden,

    Respondent.

) Case No. SACV 11-1580-GAF (JPR)
)
)
) ORDER ACCEPTING FINDINGS AND
) RECOMMENDATIONS OF U.S.
) MAGISTRATE JUDGE AND DENYING
) PETITIONER'S REQUEST FOR A STAY
) AND ABEYANCE ORDER
)
)
)

Pursuant to 28 U.S.C. § 636, the Court has reviewed de novo the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge. On May 24, 2012, Petitioner filed Objections to the Report and Recommendation and a separate Request for a Stay and Abeyance Order. Both documents are largely predicated on the same argument: that his trial counsel was ineffective for failing to seek to introduce medical records that would have demonstrated that he did not commit the charged acts of sexual intercourse or sodomy, and he should be allowed to exhaust that claim in state court.

Petitioner is not entitled to a stay because his new claim is time barred and therefore cannot be amended into the Petition even were it exhausted. See <u>King v. Ryan</u>, 564 F.3d 1133, 1140-41

(9th Cir. 2009) ("A petitioner . . . will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely.").

    Petitioner attached to his Traverse what appears to be a letter from a deputy public defender in response to a request Petitioner made for "medical records" relating to his case. The letter is dated October 12, 2010. The attorney declines to provide Petitioner with the records because of "privacy issues," but he states that

> [n]evertheless, the examination in this case was "normal" – which means that there was no evidence found that was consistent the [sic] allegations. However, this is not the same as proof that nothing happened.

Petitioner constructively filed his Petition on October 2, 2011. In it, he did not raise any claim relating to his counsel's alleged ineffectiveness (nor did he raise a challenge to the sufficiency of the evidence, which he also seems to assert in his Objections to the Magistrate Judge's Report and Recommendation) (see Pet. at 5-6), even though he learned of the factual predicate of his claim no later than October 2010. Petitioner's convictions became final on February 8, 2011, 90 days after the state supreme court denied his Petition for Review, and thus the one-year period began to run the next day. See Patterson v. Stewart, 251 F.3d 1243, 1246-47 (9th Cir. 2001). So, he had until February 8, 2012, to file a federal habeas petition raising this claim. See 28 U.S.C. § 2244(d)(1). Petitioner's Traverse was not constructively filed until February 12, 2012, and in any

event the claim was not properly raised in it. See Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (holding that reply is not proper pleading to raise additional grounds for relief or amend petition). Absent some kind of tolling, Petitioner's new claim comes too late.

Petitioner is not entitled to statutory tolling because he has not filed any state habeas petitions. (See Pet. at 3-4.) And he is not entitled to equitable tolling, as he has not identified any grounds that would justify it.

For all these reasons, the Court accepts the findings and recommendations of the Magistrate Judge and denies Petitioner's stay motion.

IT THEREFORE IS ORDERED that (1) the Petition is denied without leave to amend, (2) Petitioner's requests for an evidentiary hearing and appointment of counsel are denied, (3) Petitioner's request to stay the proceedings and hold them in abeyance is denied, and (4) Judgment be entered dismissing this action with prejudice.

DATED: June 26, 2012

_____
GARY A. FEESS
U.S. DISTRICT JUDGE